**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PIETRO PASQUALE ANTONI SGROMO, | § § § | |
| *Plaintiff,* | § § | Case No. 2:19-cv-00068-RSP |
| v. | § § | |
| IMPERIAL TOY LLC and HEB GROCERY COMPANY, LP, | § § § | |
| *Defendants.* | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court are (1) Defendant Imperial Toy LLC's ("Imperial") Motion to Dismiss (Dkt. No. 24); and (2) Plaintiff Pietro Pasquale Antoni Sgromo's ("Sgromo") Motion for Temporary Injunction (Dkt. No. 18). After consideration, the Court grants Imperial's Motion to Dismiss. The Court concludes that Plaintiff lacks standing to assert claims of patent infringement against Imperial. Accordingly, Plaintiff's patent infringement claims against Imperial are dismissed with prejudice. The Court concludes that it lacks subject matter jurisdiction over the state law claims against Imperial, so those claims are dismissed without prejudice. Because Defendant HEB Grocery Company, LP has not appeared in the case, and there is no evidence in the record that Plaintiff has served process on HEB, all claims against it are dismissed without prejudice under Rule 4(m). The Court also denies Plaintiff's Motion for Temporary Injunction.

In the First Amended Complaint (Dkt. No. 16), Sgromo asserts various claims against Imperial:

- Count I —infringement of U.S. Patent No. 8,654,422 ("'422 Patent"); (*Id*. at 4–5)

- Count II —infringement of U.S. Patent No. 9,069,243 ("'243 Patent"); (*Id*. at 5–6)

- Count III — violation of the Texas Uniform Trade Secrets Act; (*Id*. at 6–7)

- Count IV — tortious interference; (*Id*. at 7)

- Count V — unfair competition; (*Id*. at 8)

- Count VI — unjust enrichment; (*Id*. at 9)

The Court will first address Counts I and II together. Then, the Court will address the state law claims that are asserted in Counts III through VI. Lastly, the Court will address the Motion for Temporary Injunction.

### I. Plaintiff lacks standing for his Count I and Count II claims of patent infringement.

A party invoking federal jurisdiction bears the burden of showing that it has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[S]tanding is to be determined as of the commencement of suit." *Id*. at 571 n.5. "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations, Inc. v. UV Sales, Inc*., 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original) (citing *Lans v. Digital Equip. Corp*., 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that the appellant did not have standing, because he had already assigned title to the patent at the inception of the lawsuit); *Enzo APA & Son, Inc. v. Geapag A.G*., 134 F.3d 1090, 1092 (Fed. Cir. 1998) (holding that a licensee lacked standing where there was no written transfer of rights under the patent at the time the infringement claims were brought and stating that, "[a]s a general matter, parties should possess rights before seeking to have them vindicated in court"); *Jim Arnold Corp. v. Hydrotech Sys., Inc*., 109 F.3d 1567, 1572 (Fed. Cir. 1997) (holding that an assignor lacked standing, because it had not succeeded in rescinding or canceling its assignment in state court at the time it filed its complaint in federal court); *Gaia Techs., Inc. v. Reconversion Techs., Inc*., 93

F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of standing, because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed"), *as amended on rehearing on different grounds,* 104 F.3d 1296 (Fed. Cir. 1996))).

The Federal Circuit's opinion in *Jim Arnold* is particularly instructive. In that case, the Federal Circuit held that:

> To invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised. Furthermore, this allegation of ownership must have a plausible foundation. Federal jurisdiction cannot lie based on allegations that are frivolous or insubstantial. *See Cervantez v. Bexar County Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996). Thus, if plaintiff cannot in good faith allege such facts because, absent judicial intervention to change the situation, under the terms of a contract or deed of assignment the rights at issue are held by the defendant, federal court is not the place to seek that initial judicial intervention.

*Jim Arnold*, 109 F.3d at 1571–72. The *Jim Arnold* opinion also stated that:

> [W]hen the infringement suit involves an assignment, unless the assignment may be declared null and void by operation of law—either through a forfeiture provision present in the agreement or under a provision of applicable state law—an assignor suing for infringement must first affirmatively seek equitable relief from a court to rescind or cancel the assignment. Until ownership is restored in the assignor, there can be no act of infringement by the assignee. Federal question jurisdiction must exist at the time the complaint is filed for a federal court to exercise authority over the case, *Keene Corp. v. United States*, 508 U.S. 200, 207, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993), and without first receiving equitable relief that restores to the assignor title to the patent, any claim of ownership by the assignor will be unfounded.

*Id.* at 1577.

Here, Sgromo lacks present ownership of the two patents that he is asserting in this case. The patents themselves show that Imperial is the assignee, not Sgromo. (Dkt. No. 1-2 at [73]; Dkt.

No. 1-3 at [73].) Further, Imperial entered into a license agreement ("Agreement") with Sgromo, and this agreement shows that Imperial was assigned rights in the patents. (Dkt. No. 24-2.) The Agreement covers the asserted patents.[1] The Agreement identifies Wide Eyes Marketing Ltd. ("WEM") as the "Licensor" and Imperial as the "Licensee." (*Id.* at 1.) The Agreement states:

> Licensor grants to Licensee the ***sole and exclusive rights*** (including without limitation all patent, trade secret, copyright, trademark, know how, and other proprietary and intellectual property rights), throughout the world, to manufacture, have manufactured, market, promote, advertise, use, offer to sell, sell and distribute the Product and any extensions, modifications or improvements thereto; and, in addition, Licensor grants to Licensee the sole and exclusive rights, throughout the world, to manufacture, have manufactured, market, promote, advertise, use, offer to sell, sell and distribute any invention which is embodied in the Product or which is the subject of any patents to issue from any patent applications which have been or may be filed covering all or any portion of the Product.

(*Id.* at ¶ 1(b).) The Agreement also states that "Licensor grants to Licensee the right to sublicense, throughout the world, all rights granted in Paragraph (b) of this Section." (*Id.* at ¶ 1(c).)

The license agreement assigned all rights in the patents from WEM to Imperial. Even if Sgromo asserts that he has the same rights as WEM (he does not[2]), the reasoning within *Jim Arnold*

---

[1] The License Agreement states that "'Product' means the technology that is described and depicted on Schedules A and B . . . ." (Dkt. No. 24-2 at ¶ 1(a).) The '243 Patent is titled "System and Method for Generating a Three-Dimensional Image on a Pre-printed Lined Substrate." (Dkt. No. 1-2 at [54].) The Complaint states that Bestway has infringed the '243 Patent by selling its "Optrix 3D-tivities Velvet Poster Art, 3-D Throw Pillow, and 3-D Car Velvet Poster Art." (Dkt. No. 1 at ¶ 15.) Thus, the inclusion of "3D Velvet & Coloring Art" in Schedule 3 indicates that the License Agreement covered the '243 Patent. (Dkt. No. 24-2 at 13 (using ECF page number).) The '422 Patent is titled "Holographic Bubble Generating System." (Dkt. No. 1-2 at [54].) The inclusion of "Bubbles: All (Battery, Dip'n Blow, Bulk)" in Schedule A (Dkt. No. 24-2 at 13 (using ECF page number)) and "Bubble Toys/Solution" in Schedule B (Dkt. No. 24-2 at 18 (using ECF page number)) indicates that the License Agreement covered the '422 Patent. The License Agreement also involves "certain technology involving the use of 3D viewing glasses as used in conjunction with toys," (Dkt. No. 24-2 at 2 (using ECF page number)), which also suggests that the '243 and '422 Patents were covered by the agreement.

[2] Other courts have concluded that the sole shareholder of a corporation did not have standing for injuries resulting from alleged trademark infringement to the corporation because "a corporation is a separate and distinct legal entity from that of its shareholders." *Escamilla v. M2 Tech*, No. 4:11-CV-516-RAS-DDB, 2012 WL 4506081, at *4 (E.D. Tex. July 6, 2012), *report and recommendation adopted*, No. 4:11-CV-516-RAS, 2012 WL 4501644 (E.D. Tex. Sept. 28, 2012), *aff'd sub nom. Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417 (5th Cir. 2013) (citing *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 243 (5th Cir. 1993)).

is directly on point here and precludes him from having standing: "an assignor suing for infringement must first affirmatively seek equitable relief from a court to rescind or cancel the assignment. Until ownership is restored in the assignor, there can be no act of infringement by the assignee." *Jim Arnold*, 109 F.3d at 1577. Plaintiff has not provided any plausible allegation that he has current ownership of the asserted patents, so there can be no act of infringement by Imperial. Thus, the Court concludes that Plaintiff lacks standing for his patent infringement claims.

## II.     State law claims for a violation of the Texas Uniform Trade Secrets Act, tortious interference, unfair competition, and unjust enrichment

Plaintiff's patent infringement claims formed the basis for this Court's subject matter jurisdiction as alleged in the Complaint. The Court concludes that this Court should not exercise supplemental or pendent jurisdiction over the remaining state law claims for violations of the Texas Uniform Trade Secrets Act, tortious interference, unfair competition, and unjust enrichment.

The Amended Complaint asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Dkt. No. 16 at ¶ 7), which is the section conferring federal question jurisdiction. Since the Court concluded above that Sgromo lacks standing to assert claims of patent infringement against Defendants, and the patent infringement claims were the only claims that involved federal question jurisdiction, there is no continuing basis for this Court's jurisdiction. Plaintiff's claims for violations of the Texas Uniform Trade Secrets Act, tortious interference, unfair competition, or unjust enrichment are each state law claims that do not arise under the Constitution, laws, or treaties of the United States.

The Amended Complaint also asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338(a), but this Court no longer has subject matter jurisdiction pursuant to that provision. (Dkt. No. 16 at ¶ 7.) Section 1338(a) provides:

> [t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

Further, Section 1338(b) provides that "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." Here, the Court dismissed Sgromo's patent infringement claims for lack of standing. Consequently, any unfair competition or other state law claims are no longer "joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."

To the extent that Plaintiff seeks to assert supplemental jurisdiction or pendent jurisdiction over the state law claims, the Court declines to exercise that jurisdiction because the Court dismissed all claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)). "Whether to refuse, or to retain, supplemental jurisdiction over a pendent state-law claim is committed to a district court's 'wide discretion'." *Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018), *cert. denied sub nom. Moon v. Cty. of El Paso, Tex.*, 139 S. Ct. 2616 (2019).The Court sees no reason to retain jurisdiction over these state law claims because this case is still in its initial stages. Additionally, dismissal is appropriate due to judicial economy concerns as the parties have already arbitrated the same issues. (Dkt. No. 24-3.)

Accordingly, the Court grants Imperial's Motion to Dismiss with respect to the state law claims for violations of the Texas Uniform Trade Secrets Act, tortious interference, unfair competition, and unjust enrichment, without prejudice.

### III.     Plaintiff's Motion for Temporary Injunction is denied.

As an initial matter, Plaintiff seeks a temporary injunction, which is a concept from state law. Under federal law, the most comparable form of relief is a preliminary injunction, but Plaintiff has not shown that he is entitled to a preliminary injunction.

A plaintiff seeking a preliminary injunction must clearly show four elements:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017), *cert. denied*, 139 S. Ct. 408 (2018). Additionally, Rule 65(c) of the Federal Rules of Civil Procedure requires a party seeking a preliminary injunction or a temporary restraining order to provide "security in an amount that the court considers proper to pay for the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

Here, Plaintiff has not adequately shown a substantial likelihood that he will prevail on the merits—the Court has dismissed his case on other grounds. Further, Sgromo did not show that he would suffer irreparable injury if the injunction is not granted, and Sgromo has not shown an ability to provide a security as required by Rule 65(c). For at least these reasons, the Court denies Plaintiff's Motion for a Temporary Injunction.

### IV.     Plaintiff need not be given leave to amend his complaint.

The Court concludes that Plaintiff should not be given the opportunity to amend his Complaint.[3] Sgromo has already filed an Amended Complaint in this case. Further, Sgromo had

---

[3] Leave to amend has not been requested by Sgromo.

the opportunity to provide briefing to address the standing issues raised in Defendants' Motion to Dismiss. A hearing was also conducted on July 30, 2019 where Sgromo was given the opportunity to address the standing issue. Nothing suggests that Sgromo would be able to prove his ownership of the asserted patents if he were granted leave to amend.

## V.     CONCLUSION

As stated above, Plaintiff's Motion for a Temporary Injunction (Dkt. No. 18) is denied, and  Imperial Toy LLC's Motion to Dismiss (Dkt. No. 24) is granted.  All of Plaintiff's federal claims against Imperial are dismissed with prejudice.  The state law claims against Imperial are dismissed without prejudice.  All claims against Defendant HEB Grocery Company, LP are dismissed without prejudice under Rule 4(m).

**SIGNED this 13th day of September, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE